ARA BRITTAIN v. S. E. MULL, and others.

*Clerk of Superior Court—Jurisdiction—Special Proceedings.*

1. The office of probate judge is abolished and the duties thereof now devolve upon the clerk of the superior court, and in such case he has a special jurisdiction which is distinct and separate from his general duties as " clerk of the court."

2. Where issues of fact are joined before the " clerk" in the exercise of his special jurisdictional powers as a distinct tribunal, the issues must be transferred to the " superior court"—another jurisdiction—to be tried, and when tried must be *remanded* to the clerk; and so also, where an appeal is taken in like cases from his decision upon a question of law, the judge decides it and remands the case.

3. But the exercise of judicial powers by the " clerk of the court" is the exercise of them by the " court" through the clerk; and the action of the clerk stands as that of the court, if not excepted to and reversed or modified on appeal, as allowed by the statute.

4. Special proceedings ordinarily are proceedings in the " superior court," and where in such cases issues of fact are raised, the clerk transfers them to the civil issue docket for trial by jury at term; or where issues of law are raised and decided on appeal by the judge, at term or in vacation, the issues so found are not *remanded* to the clerk—the whole proceeding being in one record and in the same jurisdiction; but the court, through the clerk, will proceed accordingly as the statute directs; *Hence,* in a special proceeding for dower, as here, the issues found or decisions of law made, are not *remanded,* but the court, through the clerk, proceeds according to law.

(Mr Justice ASHE dissenting).

PROCEEDING for dower heard at Spring Term, 1883, of BURKE Superior Court, before *Gudger, J.*

The plaintiff sues as the widow of James Brittain, who died intestate in October of 1876, and the defendants are his heirs-at-law. The plaintiff brought her action in the superior court before the clerk thereof, to obtain dower in the lands of her deceased husband. To this end she filed her petition and the defendants answered the same. Issues of fact were raised by the pleadings, and the clerk transferred the case to the civil issue docket for the trial of the issues at the ensuing term of the superior court.

The court, upon application of the defendants, allowed them to substitute an answer for the original one, which, as was suggested, had been lost or mislaid It seems, however, that it was afterwards found, as it appears in the record.

At a term subsequent to that at which the issues were tried, the plaintiff moved,

"1. To strike papers from the file.

2. To remand cause to the probate court.

3. To have dower assigned to the plaintiff."          •

The court denied these motions, and the plaintiff appealed to this court.

*Messrs. Sinclair* and *Batchelor & Devereux,* for plaintiff.
*Mr. G. N. Folk,* for defendants.

MERRIMON, J., after stating the above. It should be observed that section 17, of article four, of the constitution of 1868, prescribing certain jurisdiction of the clerks of the superior courts, is not retained in the constitution as amended by the convention of 1875. Such clerks now have no jurisdiction prescribed by the constitution. And the office or place of judge of probate is abolished by THE CODE, §102. There is now no judge of probate, so denominated.

So that, the special jurisdiction of clerks of the superior

courts, and as well, their general duties as clerks, are now prescribed by statute, except so far as general principles of law, not inconsistent with such statutes, may apply and govern them.

Their special *jurisdictional duties* and power are distinct and separate from their general duties as clerks of the courts to which they belong; but in respect to their jurisdictional functions, they are in convenient relation to their respective courts. Indeed, they are in effect constituted courts of limited jurisdiction to the extent that jurisdictional functions are conferred upon them apart from their general duties as clerks, and as such courts, they are in immediate relation with the superior courts of which the clerk so exercising jurisdictional power is clerk.

The purpose of the statute seems to be to charge such clerks with such special jurisdictional authority, in order to avoid a multiplicity of officers, and facilitate the decisions of questions of law arising in matters before them, by a judge of the superior court, and the trial of issues of fact so arising, under the supervision of such judge, and as well to economize in respect to time and costs.

The jurisdictional powers thus conferred on clerks apart from their general duties, is confined mainly, though not entirely, to matters of probate. THE CODE §103 prescribes such jurisdiction ; § 108 prescribes the powers the clerk may exercise in aid of his jurisdiction; § 112 prescribes the records he must keep in books separate and distinct from the records of the superior court; and § 116 prescribes how issues of fact raised in matters so before the clerk shall be tried in term time, and questions of law so decided by the clerk and excepted to, shall be decided by the judge in or out of term time.

If issues of fact are joined before the clerk in such matters, these and the pleadings upon which they arise must be *transferred* (§ 116,) to the superior court, that is, to another jurisdiction, in such respect to be there tried. And when

the issues are so tried, the court remands the same and the pleadings or papers with the findings of the jury upon them, and the clerk will then proceed with the matter according to law. This provision has reference to issues of fact.

If the clerk in any such proceeding shall in matters of law make a decision excepted to in a proper way, the party excepting may *appeal* (§ 116) to the *judge* of the superior court in or out of term. The judge will hear such appeal and decide the questions of law presented by it, and then remand the matter, including his decision, to the clerk, unless his decision shall be excepted to and an appeal be taken to this court. This court will decide the questions presented by the appeal so taken, and direct the judge below, if his decision shall be affirmed, to remand the matter to the clerk, or if his decision shall be reversed or modified, direct him to reverse or modify his decision accordingly, and then remand the matter.

The statute does not prescribe how the judge shall send the issues found in term, or his decisions made in or out of term, to the clerk; but general principles of law warrant the procedure we have indicated above.

It will be observed that what we have said applies to matters wherein the clerk exercises jurisdictional authority as a separate tribunal, apart from his general duties as clerk of the superior court.

But the clerk of the superior court is charged with the exercise of important judicial powers under the Code of Civil Procedure, in the exercise of which he represents and acts as and for the court. Indeed, his action in this respect, is that of the court; the court exercises its power through him, supervising and controlling his action in the way prescribed by the statute. Certain of the court's powers, specified, are exercised by the clerk, and his action, when taken, stands and prevails as the action of the court, unless a party interested shall except thereto in any material respect, in which

case, the judge interposes in the way prescribed by the statute. The clerk is allowed to do certain things in the course of procedure in the action that prevails, unless the judge shall set his action aside, or correct and modify it in the case and manner prescribed by the statute.

THE CODE, § 132, provides that when jurisdiction or power is conferred in respect to the superior court, or duties are imposed, the term "court" implies the clerk of that court, unless otherwise especially stated, or reference is made to a regular term of the court, in which case the judge alone is meant.

THE CODE, § 251, likewise provides, that the clerk shall have jurisdiction to hear and decide all questions of practice and procedure, and all other matters whereof jurisdiction is given to the superior court, unless the judge of that court, or the court at a regular term thereof be referred to; but § 252 allows any party to appeal from any decision of the clerk in such respects, without any undertaking for costs, to the judge, and his decision at once prevails as the act of the court. That is, the clerk acts as and for the court, unless the judge is specially required to act, or the action is to be taken in term time, in which case the judge is to act for himself. What is done by the clerk stands as the action of the court, if not excepted to. The statute requires the court to do certain prescribed things through the clerk, in the exercise of its jurisdiction, and there is no dual or divided jurisdiction; it is one court and one jurisdiction, and the clerk must do certain things prescribed by the statute to facilitate and expedite the procedure of the court, and what he does, unless excepted to, stands as the action of the court; it fails or is modified only by the express sanction of the judge. In the ordinary course of procedure in civil actions under THE CODE as it now prevails, the clerk does not exercise power in respect to pleadings and practice to any considerable ex-

tent, because, questions arising in such matters arise mainly in term time, when the judge must act directly.

What we have thus said applies in the case of special proceedings as well as in other respects. These proceedings are begun in the superior court in vacation time before the clerk, as provided by THE CODE, § 278, and they are proceeded with as prescribed in Title VIII of the Code of Civil Procedure. The whole proceeding is in the court and has its sanction. The clerk has not jurisdiction of such proceedings separate and apart from his general duties as clerk, as in matters of probate and the like, as provided by THE CODE, § 103. " The provisions of the Code of Civil Procedure are applicable to special proceedings except as otherwise provided." THE CODE, § 278. Such proceedings are begun by summons, unless the matter be *ex parte;* there must be complaint or petition ; and other appropriate pleadings follow, as in other cases. The clerk has, as in civil actions, his certain duties to perform as and for the court. If any party excepts to his decision in matters of law, he may appeal at once, without any undertaking for costs, to the judge, and upon hearing the appeal and deciding the questions of law presented by it, as prescribed by the statute, THE CODE, § 255, he then "*transmits* his decision in writing, endorsed on or attached to the record, to the clerk of the court," and such decision becomes part of the record of the court in the proceeding, and the clerk will proceed with his further duties in that behalf according to law." If issues, both of law and fact, or issues of fact only, are raised before the clerk, he shall *transfer* the case to the civil issue docket for trial of the issues at the ensuing term of the superior court." THE CODE, § 256. Let it be noted here that the clerk is required to " *transfer the case to the civil issue docket for the trial of issues* "—that is, to the civil issue docket in the same court and jurisdiction—not to the superior court, another jurisdiction, as required by THE CODE, § 116,

in cases where the clerk has a jurisdiction separate and distinct from his general duties. The reason why the clerk is more active in exercising judicial powers in special proceedings as and for the court, is, that such proceedings are prosecuted to a large extent out of term time, and the judge in person is not required to act in many respects.

When the questions of law arising in special proceedings are decided by the judge, or issues of fact are tried in term time, it is not necessary or proper to remand or transmit the decision of the court, or the findings of the jury, or to direct a *procedendo* to issue, to the clerk of the court, because the whole action and all the proceedings are in the court— in the same jurisdiction, and there is but one record; the clerk sees, by reason of his relation to the court as clerk, what is done, and it is his duty to move forward upon such decision of the court and the findings of the jury, in the further disposition of the proceeding, unless in his further action, he shall decide questions of law and a party shall except to his decision ; in which case the party excepting may again appeal to the judge.

An impression seems to prevail to some extent with the legal profession, that the clerk of the superior court has jurisdiction in respect to special proceedings distinct from the superior court, and there may be some decisions of this court that seem by inadvertence to so imply. Such impression is erroneous. These proceedings unless otherwise specially provided by statute, are as much in the superior court as a civil action. They are in one and the same court and jurisdiction.

This is so in respect to the assignment of dower. The CODE, § 2111, provides that " a widow may apply for assignment of dower by petition in the superior court, as in other cases of special proceedings." . And it so provides in respect to partition. THE CODE, § 1892. It is so also, in respect to

selling lands to make assets to pay the debts of deceased debtors, THE CODE, § 1436; and in other like cases.

The case before us is an application by a widow for dower. She brought her action in the superior court before the clerk thereof; the pleadings raised issues of fact, and the clerk transferred the case "to the *civil issue docket* for trial of the issues at the ensuing term" of that court. At a subsequent term the issues were tried and found in favor of the plaintiff. And at a term subsequent to that, the plaintiff moved that the case be remanded to the probate court; or, that the court assign dower to the plaintiff.

The first motion was obviously improper, because there is no probate court so denominated, and the clerk, in the exercise of his jurisdictional funtions, had no jurisdiction of the matter; and likewise, because the whole proceeding was in the superior court as one proceeding having one record, and it would be absurd for the court to undertake to remand a case to itself!

The second motion could not be sustained, because, as to the assignment of dower, the court through the clerk, out of term time, in the course of procedure, adjudges whether or not the plaintiff is entitled to dower, and grants the order directing the assignment, as provided in THE CODE, § 2113. If either party should except to the decision of the clerk in respect to matter of law, the party excepting might appeal to the judge.

The motions of the plaintiff were unnecessary, indeed, improper; the issues having been passed upon by the jury and their finding entered of record, the clerk, seeing this, in the course of procedure in the proceeding, ought to have taken further action in that behalf according to law, without any special instruction from the court. The findings of the jury put the issues of fact out of his way, and accepting the facts in issue as found by the jury, he should have taken further action.

The first motion made by the plaintiff is so indefinite as to be unintelligible. It does not indicate what papers she wishes stricken from the files, and we cannot see how it was, in any aspect of the case, material. Parties should always make their motions and their exceptions involving them, intelligible, else, this court cannot act upon them. We cannot supply facts to complete them; we are governed strictly by what appears in the record.

Judgment affirmed. Let this opinion be certified to the superior court, to the end that that court may proceed according to law.

No error. Affirmed.