ALICE JONES and others v. JOHN DESERN and others.

*Partition—Practice in Special Proceeding.*

1. When an issue of law is joined in a special proceeding, it is the duty of the Clerk to transmit it to the Judge for his decision.

2. It is the duty of the Judge to decide the question thus presented, and to transmit his decision in writing to the Clerk, who will then proceed with the special proceeding according to law.

3. It is irregular for the Judge in making his decision to order the Clerk to place the proceeding on the docket of the regular term for trial—it being the duty of the Clerk to do this without such order when an issue of fact is joined.

4. When an issue of fact is joined in such proceeding, or issues of both fact and law, it is the duty of the Clerk to place the proceeding on the docket of the trial term, for trial.

5. When the issues of both fact and law are decided, the Clerk proceeds to give all other orders and judgments as and for the Court, these orders and judgments being regarded as made by the Court through its proper officer.

(*Brittain* v. *Mull*, 91 N. C., 498; *Wharton* v. *Wilkerson*, 92 N. C., 407; *Tillett* v. *Aydlett*, 93 N. C., 15; *Taylor* v. *Bostic*, *Ib.*, 415, cited and approved).

SPECIAL PROCEEDING for the partition of land, heard on appeal from the Clerk, by *Gilmer, Judge,* at January Special Term, 1886, of DURHAM Superior Court.

The facts are set out in the opinion.

The defendants appealed.

*Mr. W. W. Fuller,* for the plaintiffs.
*Mr. R. C. Strudwick,* for the defendants.

MERRIMON, J. On the 15th day of April, 1885, the plaintiffs began this special proceeding in the Superior Court of the county of Durham, by summons returnable on the 27th day of the same month. On the last named day they filed their petition, in which they alleged that they were tenants in common with the defendants, of the lands described therein, and demanded judgment that the same be partitioned among such tenants according to law, &c.

On the same day the defendants· filed their answer to the petition, in which they alleged that then, and at and before the bringing of the special proceeding, there was another action in the same court "pending between the same parties for the same cause, to-wit, the recovery of the alleged interest of the said Alice Jones in and to the lands described in the petition," and they demanded "judgment of the summons and petition herein, that the same may be quashed."

Thereupon the plaintiffs moved "to strike out the answer of defendants as frivolous, irrelevant and sham, and moreover, for judgment for want of an answer and by default."

The record is imperfect, and it does not certainly appear whether the Clerk of the Court allowed or disallowed the last mentioned motion; but it seems that there was a decision one way or the other, and an appeal to the Judge, as allowed by The Code, §252; for on the 19th day of May, 1885, the Judge, at Chambers, made a decision, of which the following is a copy : "Upon consideration of the foregoing case, it is adjudged that

3

the motion of the plaintiff be denied, and that the clerk do place this cause upon the civil issue docket." The last clause of the order was scarcely regular, for the Judge is required by The Code, §255, simply to transmit "his decision in writing, endorsed on, or attached to the record, to the clerk of the court, who shall," &c.; but the Judge, no doubt, seeing that issues of law and fact were raised by the pleadings, made the order that the case be transferred to the civil issue docket, as the Clerk is required to do in such case, by the last clause of The Code, §256.

Afterwards, at the special term of the court, held in January, 1886, the case having been placed on the civil issue docket, "it was agreed by the parties that his Honor should try all issues of law and fact arising on the pleadings, and render his judgment accordingly."

The only issues of law and fact presented by the pleadings, were those as to the alleged pendency of another action between the same parties and for the same cause of action. As to these, the Court found that another action had been pending in the same Court, but did not find what was its nature and purpose, and found further, that the plaintiff in it had taken a *non-suit* after this proceeding was begun. The Court further proceeded to hear the petition upon the merits, found the facts summarily, applied the law, declared the rights of the parties, and made an order appointing commissioners to partition the land, make report, &c. The defendants excepted and appealed.

It will be observed that the agreement of the parties was that the Judge should try the issues of fact and law presented by the pleadings. The only issue of fact was, as to the pendency of another action between the same parties and for the same purpose, and issues of law arising upon, and incident to the trial of the same. When the Judge, under the agreement, made his findings upon the issues of fact and law, at once, and without any order directing him to do so, the Clerk should have entered such findings, and proceeded in the special proceeding to do such things, and make such orders and judgments as the law required

to be done in such a case, as and for the Court. If the Judge found that no such action, as that alleged in the answer, was pending, and he decided the questions of law adverse to the defendants, and the latter desired to amend their answer and make further defence, the Clerk might, for just cause, have allowed them to do so, as allowed by The Code, §251; and if issues of fact and law should be raised by such amended answer, these would be tried before the Judge at the ensuing term of the Court; and if the Clerk should decide a question of law, and either party should be dissatisfied, he might appeal to the Judge at Chambers. *Brittain* v. *Mull*, 91 N. C., 498; *Wharton* v. *Wilkerson*, 92 N. C., 407; *Tillett* v. *Aydlett*, 93 N. C., 15; *Taylor* v. *Bostic, Ibid.*, 415.

It should be remembered, that the Clerk represents and acts for the Court, "unless otherwise specially stated, or unless reference is made to a regular term of the Court, in which case the Judge alone is meant." The Code, §132.

The Code, §251, provides that "the Clerk of the Superior Court shall have jurisdiction to hear and decide all questions of practice and procedure in this Court, and all other matters whereof jurisdiction is given to the Superior Court, unless the Judge of said Court, or the Court at a regular term thereof, be expressly referred to."

So that, at first, under the *Code of Civil Procedure*, the pleadings in all cases were made up before, and under the supervision of the Clerk, and he could make all orders and judgments in the course of the action or proceeding, except in such respects as the statute might specially require the Judge himself to act, or that the action be taken in term time. The Clerk was required to act as and for, and in the place of, the Court, and his action stood as that of the Court, unless, in case a party dissatisfied with his decision should appeal to the Judge, and then the Judge would decide the question presented by the appeal and his action would prevail.

But the statute (Act 1870–'71, ch. 42, Bat. Rev., ch. 18), required that "*all civil actions*" should be brought to and conducted in *term time;* so that the Clerk does not now generally superintend the pleadings and practice, and make orders and judgments in "*civil actions.*"

These statutory regulations do not, however, apply to *special proceedings,* and the Clerk of the Court represents the Court in them, as he did before the act suspending the Code of Civil Procedure in certain respects was passed, except as his authority may have been modified or affected in some particular respect by subsequent statute.

Now, the procedure to obtain partition, dower and the like, is by "*special proceeding*" in the "Superior Court," and therefore, the *Clerk* acts, as and for the court, in superintending the pleadings, practice and procedure, and in making all proper orders and judgments therein, unless his action shall be reversed or modified by the Judge upon appeal. Issues of fact arising in the proceedings, are to be tried before the Judge in term time, but when, and as soon as they are tried, the Clerk, and not the Judge, proceeds to make further orders and judgments as allowed by law, until the proceeding shall be ended, unless his further action shall be corrected upon appeal.

It may be suggested, that it would be convenient for the Judge to proceed to hear and determine the proceeding upon its whole merits, when it comes before him for the purpose of the trial of issues of fact. And so it might in some cases; but the statute provides otherwise. Its purpose is to expedite the hearing and determination of such proceedings—they are not to be delayed, to be disposed of in term, except in respect of the trial of issues of fact.

In the case before us, the Judge in term should, under the agreement of counsel, have simply passed upon the single issue of fact presented by the pleadings, and decided any question of law presented in that respect, and thereupon, without further order, the Clerk should have proceeded according to law to

make further orders and do whatever the law allowed or required in that behalf.

There is error. To the end that further action may be had in the proceeding according to law, let this opinion be certified to the Superior Court. It is so ordered.

Error.                                                                                     Reversed.