W. C. MAXWELL, Admr., v. J. H. BLAIR et al.

*Judgment—Excusable Negligence—Special Proceedings—Interlocutory Orders.*

1. The Clerk of the Superior Court cannot set aside a judgment in a special proceeding, for excusable negligence, under the provisions of §274 of The Code, but he can allow an amendment under the provisions of §273.

2. Interlocutory orders are under the control of the Court, and upon good cause shown, they can be amended, modified, changed or rescinded, as the Court may think proper.

3. So, where in a proceeding to sell land for assets, the decree for sale embraced some land which was the property of one of the defendants, and which did not belong to the ancestor, but by a mistake the defendant did not discover it until after the sale, and when the notice to confirm the sale was made, *it was held*, that the Clerk had the power, and that he committed no error in amending the order of sale, so as to omit the defendant's land therefrom.

(*Brittain* v. *Mull*, 91 N. C., 498; *Jones* v. *Desern*, 94 N. C., 32; *Shinn* v. *Smith*, 79 N. C., 310; *Molyneux* v. *Huey*, 81 N. C., 106; *Miller* v. *Justice*, 86 N. C., 26; *McEachern* v. *Kerchner*, 90 N. C., 177; *Williamson* v. *Hartman*, 92 N. C., 236, cited and approved).

SPECIAL PROCEEDING, heard on appeal from a judgment of the Clerk, by *Graves, Judge,* at Fall Term, 1886, of MECKLEN-BURG Superior Court.

This special proceeding was brought by the plaintiff, as administrator of Joseph Blair, decesed, to obtain license to sell the lands of his intestate, to make assets to pay debts.

In the course of the proceeding, the Clerk made an order, whereof the following is a copy:

"This cause coming on to be heard upon the motion of defendant, E. C. Ellington, to set aside the decree of sale, so far as the same affects the tract of land described in the pleadings as 'Dry Hollow,' or forty-seven and a half acre tract, upon the ground that they were ignorant of the fact, at the time of accepting service of summons, that it was proposed to sell the 'Dry Hollow' tract, and that the said E. C. Ellington believed at the time she signed the deed to Jos. Blair, that it conveyed the lands for the life of her husband, and not in fee. From the affidavits and evidence submitted, I find the facts to be as follows: The plaintiff's intestate, Jos. Blair, was the father of Mrs. E. C. Ellington, and conveyed to her a tract of land in year 18—, of which the 'Dry Hollow' tract was a part. Mrs. Ellington married in 18—. In the year 18— her husband, T. S. Ellington, was indebted to Jos. Blair in the sum of $205, for a horse and wagon, and agreed to convey to Jos. Blair the 'Dry Hollow' tract, for the sum of $500, of which the debt of $205 was to be applied in part payment of the purchase money. The deed to Jos. Blair was signed by T. S. Ellington and his wife, E. C. Ellington, but the privy examination of the said E. C. Ellington was not taken at that time nor since. Said deed was sufficient in form to convey the land in fee, if privy examination had been taken. Jos. Blair having died intestate, the plaintiff, W. C. Maxwell, began this action on the 17th June, 1884, to subject the real estate of intestate to payment of debts, and T. S. and E. C. Ellington accepted service of the summons, but failed to appear, and answer or demur to the complaint filed. That an

order of sale of said land was made on the 24th August, 1884, and sale made on the 29th September, 1886, and reported to the Court. Said sale was set aside, and a resale ordered, which was made on the 5th day of January, 1885, and reported to the Court. That said Jos. Blair took possession of said land under said deed, and held the same up to the time of his death, and his widow has been in possession ever since. That after the lands were advertised and about to be sold, Mrs. E. C. Ellington was informed that the 'Dry Hollow' tract was to be sold, but she was advised and believed that the deed executed by her husband to her father, Jos. Blair, conveyed an estate during the life of her husband, and supposed that the sale was confined to that life estate, but when notice was given to confirm said sale, she ascertained that the sale was intended to convey the whole land. She immediately employed counsel and instituted the proceeding to set aside the sale of said tract. I find as a fact, that she was ignorant of her real interest in said land until the notice to confirm had been given her, and that she did not have full knowledge of her rights in said land until the sale and notice to confirm had been given.

"And all the parties being before the Court and represented, and after argument by counsel: It is considered and adjudged by the Court, treating the affidavits as an answer to the complaint herein, that the decree, in so far as it orders the sale of the 'Dry Hollow' tract, be and the same is hereby set aside, and all proceedings had thereunder, and that the plaintiff shall return to the purchaser of said tract or his assigns, all money paid and all notes given therefor. It is further considered and adjudged by the Court, that the deed made by T. S. and E. C. Ellington did not convey to Jos. Blair, the plaintiff's intestate, any interest in said land, for the want of the privy examination of Mrs. E. C. Ellington, who was a married woman at the time, and the title to said lands still remains in Mrs. E. C. Ellington."

To this order the plaintiff filed exceptions, whereof the following is a copy, and appealed to the Judge:

"The plaintiff excepts to the findings and rulings of the Clerk in this case, as follows:

"1. That the Clerk has ordered the decree of sale and proceedings thereunder to be set aside, so far as it relates to the 'Dry Hollow' tract, he having no power or jurisdiction to make said order setting aside said decree, &c., the motion of E. C. Ellington to set aside said decree, &c., not having been made in one year after said decree was made, and no mistake, inadvertence, surprise or excusable neglect having been shown.

"2. That said Clerk has found as a fact that said E. C. Ellington was ignorant that the whole interest or estate in the 'Dry Hollow' tract was to be sold, before she received notice to confirm the sale, and was not advised that said interest and estate was to be sold or had been sold, until said notice was served upon her.

"3. That said Clerk fails to find as a fact, that the purchase money was paid by Joseph Blair to Mrs. E. C. Ellington for the 'Dry Hollow' tract.

"4. That the Clerk fails to find as a fact that the order or decree of sale, which is set aside as to the 'Dry Hollow' tract, was made on the 24th August, 1884.

"5. That the Clerk fails to find that the deed of T. S. Ellington and E. C. Ellington, his wife, to Jos. Blair, was in form sufficient to convey a fee-simple.

"6. That the Clerk finds that Mrs. E. C. Ellington was ignorant of the fact that said deed purported to convey a fee-simple estate."

Upon consideration of the appeal, the Judge made an order, of which the following is a copy :

"This case coming on to be heard upon the appeal from the order of the Clerk and the exceptions to the finding of facts by the Clerk.

It is considered and adjudged by the Court, that exceptions four and five of the plaintiff to the findings of facts by the Clerk are sustained, and the facts are found as set forth in the said ex-

ceptions, and the facts are amended in accordance therewith. The other exceptions are overruled. And upon the facts so amended, it is considered and adjudged that the judgment of the Clerk be affirmed, and the case is remanded, to be proceeded with according to law."

From this order the plaintiff appealed to this Court.

Mr. *Platt D. Walker* (Messrs. *A. Burwell* and *J. E. Brown* were with him on the brief), for the plaintiff.
Mr. *J. J. Vann*, for the defendants.

MERRIMON, J. (after stating the facts). This is a special proceeding, and there can be no question that the Clerk of the Superior Court, acting for the Court, had authority to make the order in question, if it were a proper one to be made at all. The Code, §251; *Brittain* v. *Mull*, 91 N. C., 498; *Jones* v. *Desern*, 94 N. C., 32.

The Clerk could not, and did not in this case, exercise authority under the statute (The Code, §274); the Judge alone could do so, because he is specially charged with such authority. But the " Judge or the Court" exercises authority under the statute (The Code, §273), in respect to " Amendments by Order," and he may exercise authority generally, acting for the Court, under the statute (The Code, §251), " unless the Judge of said Court (the Superior Court), or the Court at a regular term thereof, be expressly referred to."

This proceeding had not been determined when the application for relief under consideration was made in it. No final judgment had been entered. The orders made in it were interlocutory, and under the control of the Court. Upon proper application, and for just cause shown, the Court could change, modify, or rescind them, or any of them, altogether, especially as it is not suggested that the right of third parties would be prejudiced by such action of the Court. *Shinn* v. *Smith*, 79 N. C., 310; *Molyneux* v. *Huey*, 81 N. C., 106; *Miller* v. *Justice*, 86

N. C., 26; *McEachern* v. *Kerchner*, 90 N. C., 177; *Williamson* v. *Hartman*, 92 N. C., 236.

The appellee does not seek the remedy allowed by the statute, (The Code, §274). She claims the benefit of the jurisdiction of the Court to grant equitable relief against mistake. The ground of her application is, that under the circumstances of the case, it would be inequitable and against conscience on the part of the appellant to take advantage of her mistake in failing to set up her title to a part of the land, which he seeks unjustly to sell. The land in question was hers—not that of the appellant's intestate. She did not know that it was embraced by the appellant's petition—it seems that he did not know that it was hers—if he did, so much the worse on his part. She was content to let an order of sale be entered as to her ancestor's land, but she did not consent that her own should be sold—she had no reason to suppose that an effort would be made to sell it—she had technical notice—no notice in fact—nor did such as she had lead her to suppose, infer or expect that it was proposed to sell her land, in no sense liable to be sold. The naked proposition is, that the appellee's land shall be sold by the appellant, without any consideration moving her to consent to the sale, to make assets to pay the debts of her deceased father, and this, because she failed by mistake that she might not unreasonably make, to answer the appellant's petition and set up her title to the land! Manifestly, this is unequitable—unjust! And a Court of equity will not allow it to be done, simply to uphold a naked advantage gained in the course of procedure, and that by mistake and misapprehension on the part of the party complaining.

The authorities cited in the brief of the appellant's counsel, do not apply to a case like the present one. In these cases no equitable feature was presented, and the Court was simply asked to exercise its discretionary authority, as allowed by the statute, (The Code, §274).

There is no error, and the judgment must be affirmed.

No error.                                                    Affirmed.