LEWIS CLICK et al. v. THE WESTERN NORTH CAROLINA RAILROAD COMPANY.

*Condemnation of Land—Appraisement—Jurisdiction—Clerk— Judge—Irregularities.*

1. An application for assessment of damages caused by the taking of lands in the construction of railroads, is not, strictly speaking, either a civil action or special proceeding, but is a summary proceeding, of which the Superior Court has jurisdiction in vacation or at term. The Judge of the Court may appoint the appraisers either in term or vacation, while the clerk can do so only in vacation, and then only as representing the Court.

2. Where, in such a proceeding, it was agreed that issues raised upon the petition and answer should be transferred to the civil issue docket for trial ; *Held,* that whatever irregularities there may have been in the conduct of the cause were cured, and the Court had jurisdiction to proceed with and finally determine it.

(*Brittain* v. *Mull,* 91 N. C., 498; *Strayhorn* v. *Blalock,* 92 N. C., 292; *Jones* v. *Desern,* 94 N. C., 32; *Warden* v. *McKinnon,* Ibid., 378; *Edwards* v. *Cobb,* 95 N. C. 5; *Capps* v. *Capps,* 85 N. C., 408, and *Peoples* v. *Norwood,* 94 N. C., 167. cited).

This was a SUMMARY PROCEEDING for assessment of damages caused by the construction of a railroad through certain lands, tried before *Montgomery, Judge,* at November Term, 1887, of MADISON Superior Court.

On the 12th day of August, 1882, the plaintiffs served notice upon the defendant that on the 6th day of September following they would "apply by petition to the Superior Court for Madison county for the appointment of five freeholders to assess the damages done us by the construction and operation of your road through our lands," &c. ; and on the day thus fixed—the Superior Court then being in session—they presented their petition "to the Honorable James E. Shepherd, Judge of the Superior Court, now presiding and holding said Courts in the Ninth Judicial District,"

alleging their ownership of the lands—describing them by metes and bounds—upon which the damages were asserted to have been committed by the defendant; that the defendant had refused to make or offer any compensation therefor, and praying for the appointment of duly qualified appraisers to make an assessment.

Thereupon the Judge appointed appraisers, the parties agreeing that the defendant might, upon the coming in of the report, "plead as upon exception, any plea in bar of the plaintiffs' right to compensation, including the statute of limitations."

The appraisers made a report, to which defendant filed exceptions, when it was, by consent, ordered that the report be set aside, the defendant permitted to file answer and the cause transferred to the Civil Issue Docket for trial upon the issues, "it being the object of this agreement to secure a trial of all the matters in dispute between the parties upon one trial."

After the jury was empanelled the defendant moved to dismiss for want of jurisdiction. The motion was allowed and judgment rendered accordingly, from which the plaintiffs appealed.

*Mr. Theo. F. Davidson*, for the plaintiffs.
*Mr. C. M. Busbee*, for the defendant.

MERRIMON, J. This is strictly neither a special proceeding nor a civil action, as prescribed and defined by *The Code*. It is a summary proceeding, allowed in favor of persons owning land claiming against railroad corporations for damages to their land, occasioned by the construction of the railroads of the latter across and over the lands of the former, as allowed in this case by the defendant's charter. (Pr. Acts 1854–'55, ch. 228, §29; Pr. Acts 1848–'49, ch. 82, §§26–29, and *The Code*, §§1943—1949.)

It is begun by an application to the Superior Court of the proper county—not by summons, but by serving the opposing party with petition, setting forth the grounds of claim, accompanied by " a notice of the time and place when and where the same shall be heard by the Superior Court,  *   *   *   *   at least ten days prior to the hearing of the same by the Court," &c.   (*The Code,* §1944).

By the express terms of the statute the Superior Court has jurisdiction of the matter or proceeding, but it is not provided that it shall be begun by summons, returnable before the clerk of the Court in vacation time, as in case of special proceedings, or in term time.   It may be begun at any time, in or out of term, and if begun in term, then it is proper and necessary that the Judge of the Court shall grant the order appointing commissioners, as was done in this case, because the statute (*The Code,* §§132—251) so expressly provides.

In this case the application to the Court was made in term time, and the Court had authority to make, and properly made, so far as appears, the order appointing commissioners, and thus obtained jurisdiction of the proceeding, including the subject matter thereof, and the parties thereto. It would not have been otherwise as to the jurisdiction if the proceeding had begun in vacation time, because the jurisdiction in any case was that of the Court; not that of the clerk; the latter in that case would simply have represented and acted for the Court, and his action would have been that of the Court, until at the instance of a dissatisfied party the Judge should have reversed or modified it.   *Brittain* v. *Mull,* 91 N. C., 498; *Strayhorn* v. *Blalock,* 92 N. C., 292 ; *Jones* v. *Desern,* 94 N. C., 32; *Warden* v. *McKinnon,* Ibid., 378 ; *Edwards* v. *Cobb,* 95 N. C., 4.

It appears that the Court in term appointed commissioners; that they acted and made report of their action to the Court; that the defendant filed exceptions thereto, which

the Court sustained, and the report was set aside. Thereupon, " by consent of parties the defendant was permitted to file answer, and the cause transferred to the Civil Issue Docket for trial, upon issues made in the pleadings to ascertain damages, it being the object of this agreement to secure a trial of all matters in dispute." Issues of fact were raised and the jury were empanelled to try the same, but before trial the defendant moved to dismiss the proceeding, suggesting that the same had not been properly begun in vacation time before the Clerk, and therefore the Court had not jurisdiction. The Court allowed this motion. For the reason stated above this was erroneous. The Court had jurisdiction and obtained the same regularly.

But as the Court—not the Clerk—had jurisdiction of the matter, even if the proceeding regularly ought to have been begun before the Clerk in vacation, the agreement to proceed above set forth would have been a waiver of and cured such and like irregularity. *Capps* v. *Capps*, 85 N. C., 408; *Peoples* v. *Norwood*, 94 N. C., 167.

There is error; the judgment must be reversed and the case tried and determined according to law. To that end let this opinion be certified to the Superior Court.

Error.                             Reversed.