W. D. JONES et al. v. THOS. J. COFFEY et al.

*Estoppel by Matter of Record.*

1. When in an action brought against the executor and heirs at law and devisees of the testator, the Court—having jurisdiction both of the persons and of the subject-matter of the action—ordered the land in controversy to be sold, and it was sold and purchased and paid for by the defendant herein, and the sale was confirmed, and title ordered by the Court to be made to the purchaser, which was done, the defendants in such action are estopped by the judgment, and cannot impeach it collaterally in this action by showing that the land belonged to them, and was embraced in the orders of the Court by mistake, inadvertence or misapprehension.

2. If the first action is still pending, they must seek their remedy, if they have any, in it; if it is determined, then by a new action.

(*Burke* v. *Elliott*, 4 Ired., 355; *Armfield* v. *Moore*, Busb., 157; *Gay* v. *Stancel*, 76 N. C., 369; *Morris* v. *Gentry*, 89 N. C., 248; *Long* v. *Jarratt*, 94 N. C., 443; *Maxwell* v. *Blair*, 95 N. C., 317, cited and approved).

This was a CIVIL ACTION, tried before *Graves, Judge,* at Spring Term, 1886, of WATAUGA Superior Court.

The plaintiffs are the heirs at law of John T. Jones and Walter L. Jones, who died intestate long before this action began, and as the plaintiffs allege, seized of the land described in the complaint, which, in that case, descended to them as such heirs.

The defendants allege in their answer, that the land in question belonged to Edmund P. Jones, who was the ancestor of the plaintiffs, and who died in 1878, leaving a will, which was duly proven; that afterwards, the First National Bank of Charlotte, and others, brought their action to the Fall Term, 1879, of the Superior Court of Caldwell county, against the executor of the will mentioned, and the present defendants; that in the course of that action a receiver was appointed, and the land in question was sold under a proper decree made therein; that at that sale the defendants became the purchasers of the land, paid the purchase money therefor—the sale was duly confirmed, and the receiver, under the direction of the Court, made a proper deed to them, under which they claim title to the land.

On the trial in this action, a question arose as to whether the land in controversy was of the land sold as above stated, and embraced by the decree and deed under which the defendants claim. It was identified as part of the land so sold, but the plaintiffs contended that if it was, it was so embraced by inadvertence, mistake and misapprehension—that in fact, it belonged to them as heirs at law of these brothers, as first above stated, who died—one in 1863—the other in

1864. The defendants contended that the plaintiffs are estopped by the record in the action mentioned, which was put in evidence on the trial, but the Court gave judgment for the plaintiffs, whereupon the defendants, having excepted and assigned errors, appealed to this Court.

*Mr. A. M. Lewis*, for the plaintiffs.
*Mr. E. C. Smith*, for the defendants.

MERRIMON, J., (after stating the facts). It appears that in the action of the First National Bank of Charlotte, and others, against the executor of the will of Edmund P. Jones, deceased, and the present plaintiffs, mentioned in the pleadings, the Court had competent jurisdiction of the parties thereto, including the present plaintiffs, and as well of the subject-matter—the land—embraced by it.

The land now in controversy was embraced by it, although this was controverted, and sold under a valid decree, so far as appears, the defendants being the purchasers.

They paid the purchase money—the sale was confirmed by the Court, and under its direction, the receiver executed a proper deed of conveyance to the defendants. In that action the rights of the plaintiffs here contended for, came directly in question, and they ought then to have set up their title to the land they now seek to recover. As they did not, they are concluded by the record made against them ; they are bound by it so long as the judgment therein remains unreversed, and they cannot attack it collaterally in the present action. *Burke* v. *Elliott*, 4 Ired., 355 ; *Armfield* v. *Moore*, Bus., 157 ; *Gay* v. *Stancell*, 76 N. C., 369 ; *Morriss* v. *Gentry*, 89 N. C., 248.

The plaintiffs contend, that if the land they seek to recover by this action was embraced by and sold under the decree in the action mentioned, it was so by mistake and misapprehension. It appears that that action is not yet de-

termined. If so, the plaintiffs ought to seek their remedy, if they have any, in it; if it is determined, then by an independent action. *Long* v. *Jarratt*, 94 N. C., 443; *Maxwell* v. *Blair*, 95 N. C., 317, and the cases there cited.

There is error. The judgment must be reversed, and judgment entered below for the defendants. To that end, let this opinion be certified to the Superior Court according to law. It is so ordered.

Error.                                                    Reversed.