R. W. WHARTON, Adm'r, v. E. B. WILKERSON et als.

*Jurisdiction of the Clerk and of the Court in term—Contribution.*

1. In special proceedings before the clerk, when issues of fact are joined, they must be certified to the court in term for trial.   As soon as such issues are tried, it is the province of the clerk, and not of the judge, to make orders in the cause.

2. Where, in such proceedings, the record does not disclose that issues of fact have been transferred to the court in term, any orders made by the judge are extra-judicial.

3. A claim for contribution cannot be set up by one defendant against another in a proceeding to sell land for assets. When the amount exceeds two hundred dollars, the court in term alone has jurisdiction of such cause of action, except in cases of contribution between persons claiming as devisees under a will, or as heirs-at-law of a testator to whom undevised land has descended, which exception is caused by section 1534 of *The Code.*

(*Brittain* v. *Mull*, 91 N. C., 498, and *Battle* v. *Duncan*, 90 N. C., 546, cited and approved).

This was a special proceeding tried before *Graves, Judge,* at Fall Term, 1884, of BEAUFORT Superior Court.

The proceeding was commenced before the Clerk of the Superior Court of Beaufort county by a petition filed in said court by R. W. Wharton, administrator *de bonis non* of James W. Gaylord, deceased, against the defendants to sell certain lands descended from him to his heirs to make assets for the payment of the debts of the deceased.

The petition was filed by the plaintiff against the defendants Eveline Wilkerson, James W. Gaylord, J. F. Latham, W. P. Flynn, Thomas H. Privett, E. P. Brooks and Anthony Tapping, to sell the land, which, in a proceeding for partition by the Superior Court, had been allotted to said Caroline Wilkerson and W. L. Gaylord, two of the heirs-at-law of the intestate Jas. W. Gaylord, and the other defendant, being purchasers from W. S. Gaylord within two years of the grant of the letters of administration on said estate, or with express notice.

The plaintiff alleged that there were two judgments outstanding against the estate of his intestate—one in favor of R. C. Woodly for $1,716.39, and the other in favor of the administrator of E. J. Matthews for $284.20, and no assets had come to his hands wherewith to pay said judgments or any part thereof, and, therefore, he prayed for leave to sell the said land for the payment of said judgments, &c.

Eveline Wilkerson answered the complaint and admitted that she was one of the heirs-at-law of James W. Gaylord, and that he was seized at his death of the land described in the petition, but alleged that she had no knowledge or information with

regard to the other matters alleged in the petition sufficient to form a belief.

The case was then, we suppose, transferred to the issue docket of the Superior Court, and in that court at Spring Term, 1881, the said Eveline Wilkerson, upon motion, obtained an order of the Court to make George D. Olds and Lewis Latham parties defendant to the action, and that they answer to the petition of the plaintiff and to the allegation of said Eveline hereinafter stated, and that they submit to, abide by, and obey such judgment as the Court shall give them.

In support of her said motion, and as ground thereof, she alleged that all the other heirs of James W. Gaylord having been advanced by him in his life-time, his land was divided between her, W. L. Gaylord and M. E., the wife of Augustus Latham, the first administrator of James W. Gaylord; that Augustus Latham and wife Mary E. had conveyed their share in the estate to Augustus Latham, Jr., who, pending this proceeding, had sold the said lot No. 3 to George D. Olds and Lewis Latham, who had notice of the pending of the proceeding and of the rights and claims of said Eveline; that she had bought up the Mayo judgment, and prayed judgment, that said Augustus Latham, and in case of his failure, that said Olds and Lewis Latham shall contribute in the proportion of one-third, that being their share of the estate of said James W. Gaylord, to the payment of the said debt to Arthur Mayo, administrator aforesaid, or his assigns, evidenced by the judgment aforesaid.

The defendants, answering the motion, denied all the allegations of the said Eveline in support thereof.

The respondents, George D. Olds and Lewis Latham, opposing the motion of said defendants, further submit, in addition to what they have filed heretofore:

1. That this is not the proper method of procedure; that defendants should bring an original action for contribution.

2. That said J. W. Gaylord, deceased, was not indebted as alleged in said motion, or in any sum, and that these respondents

have not been parties to any proceedings establishing any such debt by judgment, and the said alleged judgment is not binding on them.

3. That if there was any such debt or judgment, said Eveline B. Wilkerson settled the same by paying only $250.00, and about $60.00 costs, and these respondents, in any event, would be responsible, if at all, only for their proportion of said $250.00, and no more.

4. That they own no land formerly the property of said J. W. Gaylord, deceased, or that if they do, they purchased without notice of this action, and more than two years after death of said J. W. Gaylord and administration on his estate, and that any such land they may have, is not in law subject to contribution for said debt or any part thereof.

The action being called for trial, it was by agreement between all the parties, submitted to His Honor, J. F. Graves, to hear the evidence and find all the questions of fact and law, his finding of facts to be final and his conclusions of law subject to appeal by any party.

The judge finds the following facts:

I. James W. Gaylord, the intestate of plaintiff, died in the Spring of 1865, intestate.

II. In December 4th, 1865, Augustus Latham became his administrator, qualified, gave bond and acted as such.

Said Augustus Latham died in 1876, without having settled the estate.

III. On November 21st, 1877, the plaintiff Wharton duly became administrator *de bonis non* of the intestate. He received no assets of the intestate.

IV. The heirs of James W. Gaylord were, (1) Eveline Wilkerson, (2) William Samuel Gaylord, (3) James Gaylord, (4) Mary, wife of Augustus Latham, Sr., (the person who became administrator as aforesaid).

V. By deed, on December, 1866, the said Mary and Augustus Latham in consideration of love and affection conveyed all their

estates in the lands of the intestate, James W. Gaylord, to their son Augustus Latham, Jr., who is the Augustus Latham named in the motion of Eveline B. Wilkerson in this action.

VI. The said James W. Gaylord, Sr., died seized in fee of the piece of land described in the complaint in this action which descended to his heirs in equal shares.

VII. On 3rd of December, 1872, before the clerk of the court, the said William S. Gaylord brought a special proceeding against said Eveline Wilkerson, James Gaylord and Augustus Latham, Jr., defendants, praying for a division of said lands among himself and said defendants. It appearing to the court that said James Gaylord had been fully advanced by his father, the said intestate James W. Gaylord, in his life-time, the court adjudged that said lands be divided in equal parts to said Eveline, William, Samuel, and Augustus Latham, Jr. Commissioners, to divide, were appointed, who made a division, by which several shares by metes and bounds, were assigned to said Eveline, William, Samuel, and Augustus, Jr. They duly reported, the report was confirmed and registered in said county.

VIII. By deed made and dated on March 5th, 1874, said Augustus Latham, Jr., sold and conveyed in fee his share of said lands to Andrew and Lawson Reddick, and on the same day took from them a mortgage on the same lands to secure $500.00 with interest, with a power of sale in case of default in payment.

The said Reddicks have paid in cash upon their debt $60 cost, and $150 on the mortgage. They failed to pay the debt secured by the mortgage, and by virtue thereof, the said Augustus advertised the mortgaged lands and sold the same on August 8th, 1879, when George D. Olds and Lewis Latham became the purchasers of the said land, which was the tract conveyed by Augustus and Mary Latham, in December, 1866, to said Augustus Latham, Jr.; said Augustus, Jr., by virtue of said power of sale conveyed the tract to said Olds and Latham by deed, August 8th, 1879, who paid cash therefor.

Said Olds and Latham before their purchase under the mortgage sale, had heard that E. J. Matthews' estate had a claim against J. W. Gaylord's estate, for which the lands of W. S. Gaylord and E. B. Wilkerson were bound, and they had heard there was a suit against them to subject their lands. That Olds and Latham did not know that the lands they purchaseed at the mortgage sale had been a part of the J. W. Gaylord estate, and that there was any claim against them. The description contained in complaint does not embrace them.

After the finding of the above facts which are agreed to as correct, His Honor held as a conclusion of law :

That the Superior Court in Term time had no jurisdiction to grant the motion of E. B. Wilkerson against Geo. D. Olds and Lewis Latham made in this cause. That a motion in the cause is not the proper remedy.

From this judgment, the defendant, Eveline Wilkerson, appealed.

*Messrs. Rodman & Son,* for Wilkerson.
*Mr. Geo. H. Brown, Jr.,* for Olds and Latham.

ASHE, J. (after stating the facts). The only question presented by the appeal in this case, is whether there was error in the conclusion of the law and the judgment as announced by His Honor in the court below, "That the Superior Court in Term time had no jurisdiction to grant the motion of E. B. Wilkerson in regard to George D. Olds and Lewis Latham, made in this cause. That a motion in the cause is not the proper remedy," and the judgment of the Court that "the motion be denied and that said Olds and Latham go, without day, and recover their reasonable costs on said motion to be taxed."

We are of opinion there was no error. The action was a special proceeding by petition, filed before the Clerk of the Superior Court, by the administrator of James W. Gaylord, against the

defendant's heirs-at-law, to sell the land described in the petition to make assets to pay the debts of his intestate. The case was transferred to the Superior Court in Term, but upon what ground the record does not disclose, but we presume it was to try the issues raised by the pleadings, as there was no appeal to the Judge to decide any question of law raised before the Clerk. If we are correct in this, then as soon as the issues were tried, it was the duty of the Clerk, not the Judge, to make parties, and all necessary orders, and proceed with the case to final judgment. *Brittain* v. *Mull*, 91 N. C., 498. But the record does not show that any issues were tried, or transferred to the issue docket, and yet the Judge of the Superior Court in term took jurisdiction of the case and proceeded from time to time to make orders and decrees in the cause, which were clearly extrajudicial. Such was the order made, upon the motion of E. B. Wilkerson, to bring George Olds and Lewis Latham before the Court, to answer the allegations she made in support of her motion to compel them to contribute for money she had advanced in payment of a judgment against the estate of her ancestor, James W. Gaylord. It strikes us as an anomalous proceeding. It was an attempt to foist on a special proceeding, of which the Clerk of the Court alone had jurisdiction, a cause of action of which the Superior Court in Term had exclusive jurisdiction. For an action for contribution, when the sum demanded is over two hundred dollars, the Superior Court in term has exclusive cognizance. The only exception to this is the remedy given by section 1534 of *The Code*, which provides that "The remedy to compel contribution shall be by petition or action in the Superior Court, or before the Judge in term time, against the personal representative, devisees, legatees and heirs also of the decedent, if any part of the real estate be undevised, within two years after probate of the will, and setting forth the facts which entitle the party to relief, and the costs shall be within the discretion of the Court."

The very terms of the section show that it applies only to contributions among persons *claiming as devisees under a will*, and heirs-at-law of the testator to whom undevised land has descended. It clearly has no application to contributions among tenants in common who claim by descent, as in our case. The conclusion and ruling of His Honor in the Court below is sustained by the decision in *Battle* v. *Duncan*, 90 N. C., 546, where it was held that in a petition to sell land for assets to pay debts, a mortgagee of the interest of one of the heirs-at-law, cannot be admitted as a party defendant, and that such a claim cannot be set up in proceeding of that nature.

There is no error. The judgment of the Superior Court is affirmed, and the case remanded that the Clerk of the Superior Court of Beaufort county may proceed with the case according to law.

No error.                                                   Affirmed.