T. B. LOFTIN, Administrator, v. JOHN W ROUSE, et als.

*Jurisdiction of the Clerk—Amendments—Appeal.*

1. Where, in special proceedings, the pleadings are made up before the Clerk, and upon joinder of issues are transferred to the Court in Term, the Judge has power to allow amendments, or he may stay the trial and remand the papers to the Clerk, in order that he may consider a motion to amend.

2. In such case, an order remanding the papers to the Clerk, in order that he may hear a motion to amend the pleadings, to the end that an account should be taken, is interlocutory and does not impair a substantial right, and cannot be appealed from.

(*Brittain* v. *Mull*, 91 N. C., 498; *Wharton* v. *Wilkerson*, 92 N. C., 407; *Jones* v. *Desern*, 94 N. C., 32, cited and approved).

SPECIAL PROCEEDING, transferred to the Superior Court in Term, heard by *Avery, Judge*, at Fall Term, 1885, of LENOIR Superior Court.

The facts appear in the opinion.

The plaintiff appealed.

*Mr. W. R. Allen*, for plaintiff.
*Mr. Geo. V. Strong*, for defendants.

MERRIMON, J. This is a special proceeding brought in the Superior Court of the county of Lenoir, by the plaintiff, to sell land of his intestate, to make assets to pay debts, etc.

The pleadings were made up before the Clerk, acting as and for the Court, as allowed by The Code, §251, and issues of fact

were raised, to be tried by a jury. Thereupon, the Clerk transferred the " case to the civil issue docket for trial of the issues at the ensuing Term of the Superior Court," as required by The Code, §256.

Afterwards, in Term time, the counsel for the defendants Pelletier and wife, moved the Court to amend the answer of these defendants, by inserting a more unequivocal denial that plaintiff's intestate was indebted at all, and by setting up a defence, which they alleged had just come to their knowledge, that the note, upon which the judgment mentioned in their answer was rendered against plaintiff, was executed without consideration, as appeared upon its face, and that it did not appear from the petition, that there was other outstanding indebtedness, and that the answer already filed, denied the validity of that judgment, or the debt on which it was founded.

The same counsel also moved " to amend, to the end that an account should be taken." The attention of the Court was not called, and no objection was taken, to the want of a statement of the issues by the Clerk. The Court ordered that the cause be remanded to the Clerk, to the end that an account might be taken, and that the pleadings might be amended, if the Clerk should deem it proper.

The Court held, that where one of the issues was, whether there was any valid indebtedness, it should be ascertained first whether there was any indebtedness, and a finding for the defendants on that question, might obviate the necessity of trying the issue of fraud.

From the judgment of the Court the plaintiff appealed to this Court.

Regularly, in special proceedings like this, the pleadings should be made up and perfected by the Clerk, acting as and for the Court. Indeed, he so makes all the orders and judgments in the course of the proceeding, except in some exceptional respects, otherwise expressly provided for. His decision of issues of law or legal inference, may be reviewed upon appeal to the

Judge at Chambers or in Term, and issues of fact raised by the pleadings, must be tried in term time, under the superintendence and direction of the Judge.  Brittain v. Mull, 91 N. C., 498 ; Wharton v. Wilkerson, 92 N. C., 407 ; Jones v. Desern, ante 32.

The statute, (The Code, §256), requires that " the case" shall be transferred to the civil issue docket for the trial of issues of fact.  When so transferred, it is properly before the Court in term for trial, and only for the trial of the issues raised by the pleadings.  Necessarily, the Court must see the pleadings—see that they are perfected, and what issues are raised by them.  It could not otherwise proceed with the trial.  If the Court should see that the pleadings were imperfect, it might and ought to stay the trial of the issues, and direct the Clerk to perfect them according to law.  And so also, if a party should satisfy the Court in Term, that he might be entitled, or probably ought to be allowed, to amend his pleading, the Court might in its discretion, with a view to the ends of justice, so stay the trial, and direct the Clerk to consider of a motion to amend, and allow or disallow the same, just as if the case had not been transferred to the civil issue docket.  We can see no just reason why the Judge in term, shall not exercise such discretionary power.   There might be cases in which such a course as that indicated should be taken.   This discretionary power is of the nature of that to allow amendments generally, and the proper exercise of it is not generally reviewable in this Court.

We think however, that the Court in Term, should not do more than to direct the Clerk to proceed to perfect the pleadings and allow or disallow amendment according to law.   If the Clerk should proceed and make decisions of questions of law, with which a party should be dissatisfied, such party might appeal, and in that way the decision of the Judge would become that of the Court.   It was the duty of the Clerk to make all proper orders of reference, as well as other orders and judgments in the course of the proceeding.   If he should err in such respect, an appeal might be taken as indicated above.

The purpose of the Code of Civil Procedure, is to expedite the hearing and disposition of matters cognizable by special proceeding, and hence, such of its provisions as require *civil actions* to be proceeded with in term time, do not embrace, for the most part, such proceedings, and hence, also, the extensive powers of the Clerk, acting as and for the Court, in conducting them.

The order appealed from was interlocutory merely, and in any view of it, it would not destroy or impair a substantial right of the appellant to delay his appeal until final judgment. Moreover, as we have seen, the order was one the Court had power in its discretion to make, and the exercise of that discretion is not reviewable in this Court.

The appeal did not lie, and hence must be dismissed.

Appeal dismissed.