RALPH W. PAGE v. WILLIAM V. McDONALD.

(Filed 17 April, 1912.)

1. **Attachment—Process—Amendments—Discretion of Courts.**

When a warrant of attachment and summons by publication on a nonresident defendant are returnable to the trial court in term, giving the date, any informality in the process may be cured by amendment, if allowed by the court. Revisal, secs. 507 and 509.

2. **Same—Notice.**

The proper publication of summons for a nonresident defendant whose property has been attached gives the defendant notice that he can vacate the warrant, if insufficient, and upon his failing to move to vacate the process, he will not be held to be prejudiced by a subsequent judgment.

3. **Process—Pleadings—Amendments—Interpretation of Statutes.**

It is the policy of our Code system to be liberal in allowing amendments of process, pleadings, and proceedings, so that

causes may be tried upon their merits, and to prevent a failure of justice for reasons which may be technical or frivolous, not affecting the substantial rights of the parties. Revisal, sec. 507.

4. Process—Returns—Jurisdiction—Amendments, Effect of—Procedure—Practice.

Where process is erroneously made returnable before the clerk, instead of to the term of the court, the court at term, having acquired jurisdiction, may make all necessary amendments of the process and proceedings, in order to give it effectual jurisdiction, if no intervening and vested right is injuriously affected; and when the process is thus amended, it justifies the original service of any official action previously taken under it.

5. Attachment — Process—Affidavits, Sufficiency of—Interpretation of Statutes.

Affidavits for publication of the summons and notice of attachment are sufficient when they show that the defendant cannot, after due and diligent search, be found in this State, that he is a nonresident and has property here of which the court has jurisdiction, and that the plaintiff has a cause of action against the defendant arising out of contract by which he expressly promised to pay a specific sum to the plaintiff for services rendered at his request, which sum is still due and owing. Revisal, secs. 759, 442.

6. Attachments—Process—Publication—Defense After Judgment—Matter of Right—Court's Discretion—Interpretation of Statutes.

A nonresident defendant in attachment proceedings, against whom judgment has been rendered under service of summons by publication, and who had not had actual notice of the action until after the judgment had been rendered, may, as a matter of right, upon showing that he has a good and meritorious defense, have the judgment vacated by motion within the statutory period, and he can avail himself of any defense he originally had.

7. Attachments—Defense After Judgment—Cause of Action—Questions of Law.

What is a sufficient cause to permit a nonresident defendant to vacate a judgment obtained by publication of summons in attachment proceedings is a matter of law for the court.

8. Attachments—Defense After Judgment—Appeal and Error—Practice.

The court having erroneously refused to vacate a judgment obtained in proceedings in attachment against a nonresident defendant by publication of summons, the judgment appealed from is ordered to be set aside and the defendant allowed to answer

or file other pleadings within a reasonable time, to be fixed by the trial court. The property attached will remain in the custody of the court to await the determination of the action, unless replevied under the provisions of the Revisal, secs. 774, 775.

APPEAL by defendant from *Justice, J.,* at January Term, 1912, of MONTGOMERY.

The facts are sufficiently stated in the opinion of the Court by *Mr. Justice Walker.*

*Jerome & Price for plaintiff.*
*J. A. Spence for defendant.*

WALKER, J. This is an action by the plaintiff to recover $500 for professional services, as an attorney at law, rendered to the defendant, at his request, and for which he promised to pay the said sum. The defendant is not a resident of this State. The action was commenced by issuing a summons returnable to September Term, 1909, of the Superior Court of Montgomery County, upon which the sheriff returned that the defendant could not be found in his county. Upon affidavit filed, a warrant of attachment was issued and levied by the sheriff upon property of the defendant in said county. The action was commenced too late to publish the summons before September term of the court, but upon affidavit filed after the term, publication of the summons and warrant of attachment was made for the defendant, returnable to the next term. It is objected by the defendant that there are irregularities in the proceedings which are sufficient to vitiate the attachment, and, therefore, he is not properly before the court, and the judgment rendered for the debt is void. He entered a special appearance for the purpose of moving to set aside the judgment and the attachment and dismissing the action because of said defects.

We think it sufficiently appears that the warrant of attachment was returnable to the court in term, as the date of the beginning of the term is given, and the summons is expressly made returnable to term, the corresponding date being also given. This being so, the process can be amended, if necessary, so as to cure the informality. Revisal, secs. 507 and 509.

Besides, the publication gave the defendant sufficient notice that the warrant could be vacated by him at January Term, 1910, if it was insufficient. No real right of his has, therefore, been prejudiced. It is the policy of our Code system that amendments of process, pleadings, and proceedings should be liberally allowed, so that causes may be tried or heard upon their merits, and to prevent a failure of justice for reasons, sometimes technical, if not frivolous, which do not affect the substantial rights of the parties. Pell's Revisal, sec. 507, and cases cited in the note. "The court or judge thereof shall, in every stage of the action, disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect." Revisal, sec. 509. Where, in a proceeding of attachment, it appears from the *whole* record that the provisions of the statute have been substantially complied with, the action will not be dismissed nor the attachment dissolved. *Grant v. Burgwyn,* 79 N. C., 513; *Best v. Mortgage Co.,* 128 N. C., 351. Where process is erroneously made returnable before the clerk, instead of to the term of the court, the court at term, having afterwards acquired jurisdiction, may make all necessary amendments of the process and proceedings in order to give effectual jurisdiction, and such amendment may be considered as made if no intervening and vested right is injuriously affected. *Elliott v. Tyson,* 117 N. C., 114; *Ewbank v. Turner,* 134 N. C., 77. The process, when amended, justifies the original service or any official action previously taken under it, if the intervening rights of innocent persons are not prejudiced. *Elliott v. Tyson, supra.* But it appears by reasonable intendment, in this case, that the process of attachment is and was made returnable to the term of the court, and if this were not so, the slight informality will be removed by amendment or disregarded, and the court has ample power and discretion in the premises. These objections to the form of the process and the right of amendment are fully met and answered in *Grant v. Burgwyn* and the other cases cited *supra,* and especially by *Bank v. Blossom,* 92 N. C., 695, where it was held that the court in the

exercise of its discretion may order a new publication to be made and defects to be cured by amendment.  Nor do we think the objection to the affidavits, upon which the attachment was issued, is sound.  The statute was sufficiently followed in this respect (Pell's Revisal, sec. 759 and note) ; and the affidavit for publication was also sufficient.  Revisal, sec. 442.  The affidavits show that the defendant cannot, after due and diligent search, be found in this State, and is a nonresident thereof, and has property in this State; that the court has jurisdiction of the action, and that the plaintiff has a cause of action against the defendant, arising out of contract, by which he expressly promised to pay a specific sum, $500, for professional services rendered at his request, which is now due and owing.  What *Chief Justice Smith* said in *Bank v. Blossom* is peculiarly appropriate to be repeated here: "It is a singular coincidence that the defendant makes a special appearance, as he may do according to the rules of practice, and comes into court complaining of the disregard of some technical provision necessary to give him legal notice of what his presence and motion show he already, in fact, knows, and then objects to the plaintiff being permitted to give him legal notice."  He has lost no right by any irregularity in the course of the proceeding, but will have his day in court and can set up his defense, if he has a meritorious one, and defeat the plaintiff's recovery, as will be shown hereafter.

We now come to the serious and really the only material question in this case.  Defendant requested the court to set aside the judgment and allow him to defend the action.  This application was made upon affidavit, which alleged that the defendant has a good and meritorious defense to the action, and the judge substantially so finds as a fact, and that the defendant had no actual notice of the pendency of the action until after the judgment was rendered therein.  The judgment was given at January Term, 1910, and the motion to vacate it was made on 21 March, 1910, within the time fixed by statute.  The statute requires that a nonresident, upon good cause shown, *must* be allowed to defend after judgment, if his application to do so is made within one year after notice of the judgment,

and within five years after its rendition, preserving the rights acquired by innocent purchasers. Pell's Revisal, sec. 449. We cannot imagine any better cause for setting aside a judgment recovered upon constructive or substituted service than that which is assigned by the defendant in this case. He had no knowledge of the judgment and was not guilty of any laches, and he has a good defense. The right to be let in for the purpose of defending the action does not depend upon the exercise of the judge's discretion. The terms of the statute are mandatory, and the judge must set aside a judgment and permit a defense if good cause can be shown, and what is sufficient cause must be a question of law. *Bacon v. Johnson,* 110 N. C., 114. There was no neglect shown, excusable or inexcusable. In *Rhodes v. Rhodes,* 125 N. C., 191, the Court took this view, wherein the present *Chief Justice* said: "The object of this section is to enable a nonresident who has not been personally served with summons to come in within the prescribed time after judgment and assert his rights as fully in every respect as he could have done before judgment, had he been personally served, saving, as the section provides, the rights of any one who has bought the property in good faith under the decree of sale in the cause. The defense intended to be allowed one who has not been actually, but only constructively, in court, is not confined to those matters which, if pleaded in apt time, would defeat the action. Being a remedial statute, a just construction is that it allows the party against whom a judgment has been taken to set up also any exception which would have prevented or modified the judgment." The judge sustained the attachment proceedings, but refused to set aside the judgment and to permit the defendant to come in and make good his defense. In the latter ruling there was error. The judgment will be vacated, and defendant will be allowed to defend the action, and for that purpose will be given a reasonable time, to be fixed by the court, for filing his answer or other pleading. The property attached will remain in the custody of the court, to await the determination of the action. This secures the plaintiff, if he has a good cause of action and is able again to obtain a judgment. He is not, in law or equity, entitled to any more. It is

unnecessary, after what has been said, to consider defendant's objection that the judgment by default was irregularly entered, there having been no proper proof of the indebtedness under Revisal, sec. 556, as we have ordered the judgment to be vacated on another ground. Defendant may release his property from the attachment by complying with the provisions' of Revisal, secs. 774 and 775. The case is remanded, with direction to proceed as herein indicated.

Error.