GURNEY P. HOOD, Commissioner of Banks for NORTH CAROLINA, on Relation of MERCHANTS AND MANUFACTURERS BANK OF AN-DREWS, NORTH CAROLINA, v. CLYDE S. FREEL, Administrator of GEO. B. WALKER, Deceased, et al.

(Filed 2 May, 1934.)

1. Interveners A b: Judgments M b—Creditor of heir held entitled to intervene in proceeding to sell intestate's lands to make assets.

Intestate died owning certain lands and personalty. His wife and children partitioned the lands among themselves by deed and disposed of the personalty. Plaintiff, the holder of a note signed by intestate and his son, brought suit against the administrator, later appointed, and the

widow and children, to have the lands sold to make assets for the payment of the note, in which suit the son signing the note was served by publication. Judgment was entered for the sale of necessary lands and the cause retained for further orders. Before sale of any lands a creditor of the son signing the note filed petition for intervention alleging that the son had mortgaged the land obtained by him by partition to secure an indebtedness to petitioner, that petitioner had no notice of the action, that plaintiff's note should have been paid from intestate's personalty, that the judgment for sale to make assets was obtained by collusion between the widow and heirs at law and plaintiff under agreement that only lands partitioned to the son should be sold, and that intestate had signed plaintiff's note as an accommodation endorser for his son and that the right of action thereon against the estate was barred by the statute of limitations: *Held,* the judgment for sale to make assets was not a final judgment, and as it affected the rights of petitioner's debtor was obtained by substituted service, giving petitioner the right under C. S., 492, to come in and defend the action within the time limits therein imposed upon such terms as may be just, and upon petitioner's allegations he should have been allowed to intervene in the action.

**2. Judgments M b—**

C. S., 492, giving a party served by substitution or his representatives the right to appear and defend the action within a prescribed time after judgment will be broadly construed to include within the term "representatives" all persons succeeding the rights of such party, in this case a mortgage creditor.

CIVIL ACTION, before *Alley, J.,* at November Term, 1933, of CHEROKEE. The findings of fact are substantially as follows:

(1) The Merchants and Manufacturers Bank of Andrews closed its doors on 9 October, 1931, and Gurney P. Hood, Commissioner of Banks, entered upon the liquidation thereof according to law.

(2) Among the assets of the bank was a note for $2,744.23, dated 6 December, 1923, and executed by W. B. Walker and Geo. B. Walker. The interest on same had been paid up to and including 22 May, 1930, but no further payments of principal or interest was thereafter made.

(3) Geo. B. Walker died intestate on 22 January, 1928, while said note was outstanding and unpaid, seized and possessed of several tracts of land, which were specifically described in the pleadings. The deceased left him surviving a widow, Martha Walker, and the following children, who are all of age, to wit: W. B. Walker, Ethel Slagle, Margaret Freel, Gerald B. Walker and G. Wayne Walker.

(4) After the death of intestate and within two years thereof and before an administrator had been appointed, the widow and children aforesaid partitioned the real estate among themselves by warranty deeds executed by said widow and heirs at law to each other.

(5) At the time of the death of G. B. Walker he had and owned personal property of the value of $4,000, which property was disposed of by the widow and children aforesaid.

(6) Thereafter on 27 October, 1931, Clyde S. Freel duly qualified as administrator of the estate of G. B. Walker, deceased. On 29 July, 1932, Gurney P. Hood, Commissioner of Banks, instituted an action against Freel, administrator, and the heirs at law of G. B. Walker, deceased, praying for judgment on the note aforesaid, and that a decree be entered requiring a sale of the lands to make assets to pay said note. The summons was served on all the defendants by personal service except W. B. Walker and wife, Daisy Walker, who at the time were non-residents of North Carolina, and substituted service was had upon them. The complaint was filed on 29 July, 1932, and answer filed by the administrator on 25 August, 1932. Judgment was rendered at the January Term, 1933, adjudging among other things "the recovery of the aforesaid indebtedness, and also directing the administrator to proceed by proper special proceedings to sell such of the lands of said W. B. Walker as might be necessary to pay the indebtedness of his estate, including the lands conveyed to W. B. Walker and wife by the other heirs of G. B. Walker, deceased."

(7) C. W. Key filed a petition in apt time in 1933 to set aside the said judgment and to be allowed to intervene and answer and defend the same upon the grounds fully set out in his petition filed in said cause, to which reference is hereby made, and the essential parts of said petition are adopted as a part of these findings of fact.

The petition filed by Key referred to in the findings of fact, alleged in substance that on 10 July, 1928, W. B. Walker and wife became indebted to J. B. Carringer, of Knoxville, Tennessee, in the sum of $8,500, and as evidence of said indebtedness they executed and delivered to said Carringer their promissory note for said sum and to secure the same on 10 July, 1929, executed and delivered a deed of trust to J. H. Abernethy, trustee, conveying the land which the said W. B. Walker had received from the estate of his father, G. B. Walker in the partition aforesaid. Carringer had endorsed the note for value to Key as trustee, who alleged that he was the owner and holder of the notes in due course. Key further alleged that neither he nor Abernethy was a party to the action and had no notice whatever of the proceeding until 5 October, 1933, when he came to North Carolina for the purpose of foreclosing his deed of trust, and then for the first time discovered that a judgment had been entered for the sale of the land to make assets to pay the note held by Gurney P. Hood, Commissioner of Banks.

Key contended that he was entitled to be made a party for that: (a) the personal property of intestate should have been applied to the payment of the indebtedness; (b) that the judgment "attempting to subject the said land to sale was procured by collusive action by which the said Martha B. Walker and other heirs at law of George B. Walker, de-

ceased, withdrew their answers in said cause upon agreement with the plaintiff that the other lands of said Geo. B. Walker, deceased, should not be subjected to sale for the purpose of satisfying the alleged indebtedness sued upon, etc.; (c) that if the plaintiff has any note signed by Geo. B. Walker, deceased, that he was an accommodation endorser thereon for the benefit of W. B. Walker, and that more than three years elapsed after the maturity of said obligation ·and the death of G. B. Walker, and that said obligation is barred by the three-year statute of limitations.

Upon the facts found and after considering the petition of C. W. Key, the trial judge "being of the opinion that the said C. W. Key, petitioner, is not entitled to intervene in this action and have said judgment set aside, or to defend the same, and being of the opinion that his remedy would be by independent action, or at all events, an intervention in the special proceeding ordered and directed by his Honor, Judge Clement, it is therefore considered, adjudged and ordered by the court that the petition of said C. W. Key be, and it is hereby denied and disallowed."

From the foregoing judgment the petitioner Key appealed.

*M. W. Bell for Commissioner of Banks.*
*R. L. Phillips for administrator estate of Geo. B. Walker.*
*D. Witherspoon for C. W. Key.*

BROGDEN, J. Can a creditor of the heir intervene in a proceeding to sell the land of the intestate to make assets to pay the debts of such intestate?

The judgment rendered by Judge Clement, at the January Term, 1933, was not a final judgment because it ordered the administrator "to proceed promptly and with diligence to make the necessary sale or sales in order to obtain assets to pay said debt . . . and this cause is retained for further orders." Consequently the right to intervene is not foreclosed. *Wadford v. Davis,* 192 N. C., 484, 135 S. E., 353. See, also, *Page v. McDonald,* 159 N. C., 38, 74 S. E., 642. Moreover, the judgment affected the rights of W. B. Walker and was based upon substituted service. Consequently Walker would have been entitled to invoke the remedy contained in C. S., 492. This section provides in substance that "the defendant against whom publication is ordered or his representatives may in like manner upon good cause shown be allowed to defend every judgment, or at any time within one year after notice thereof and within five years after its rendition, on such terms as are just," etc. It is asserted that the word "representatives" used in the statute is not broad enough to include a creditor like the petitioner. The courts, however, have been disposed to give the word broad in-

terpretation. For instance, Black's Law Dictionary (second edition), page 1020, declares: "Moreover, the phrase is not always used in its technical sense nor always with reference to the estate of a decedent; and in such other connections its import must be determined from the context; so that, in its general sense of one person representing another, or succeeding to the rights of another, or standing in the place of another, it may include an assignee in bankruptcy or insolvency, an assignee for the benefit of creditors, a receiver, an assignee of a mortgage, a grantee of land, a guardian, a purchaser at execution sale, a widow, or a surviving partner," etc.

Therefore, the court is of the opinion that, in view of the allegations contained in the petition, the petitioner was entitled to intervene. The administrator relies upon *Battle v. Duncan,* 90 N. C., 546, to defeat the right of intervention, but it must be observed in that case the proceeding to make assets had been completed and the funds actually in hand. Hence, the court properly ruled that no intervention was allowable in a proceeding that had already spent its force.

Reversed.