DEVIN, J., dissenting.
This case was here before and is reported as Cody v. Hovey, 216 N.C. at page 391.
The plaintiff sued upon a judgment obtained by him against the defendant in the State of New York. *Page 409 
The complaint set up the pendency of the suit in New York, the rendition of the judgment therein, together with details as to the amount thereof, and the taxing of costs; alleged facts with reference to notice and hearing in that jurisdiction; and that the defendant had appealed from the judgment to the Appellate Division of the New York Supreme Court, and that the judgment had been there affirmed; and asked that a judgment be rendered in the State court for the amount of the New York judgment, with interest, and the costs of the North Carolina proceeding.
The defendant answered, admitting the statements of fact in the complaint and setting up a further defense, alleging new matter: (1) That the judgment was procured by fraud by reason of the false testimony of a witness; (2) that the transaction upon which the New York judgment was rendered was based upon a gaming contract and was therefore void in this State, as in contravention of C. S., 2144; and (3) that he was embarrassed and humiliated and his peace of mind disturbed because of the unjust prosecution of this suit, for which he claimed damages in the amount of $500.00. (The counterclaim was subsequently abandoned and does not appear in the present controversy as to the amendment.)
The plaintiff demurred to the answer and demanded judgment upon the pleadings. The court below sustained the demurrer of the plaintiff to the defense of fraud in the procurement of the judgment and as to the counterclaim, overruled it as to the defense that the judgment was based upon a gaming contract, in violation of C. S., 2144, and denied the motion for judgment on the pleadings. Both plaintiff and defendant appealed.
These appeals were heard at the Fall Term, 1939, of this Court, at which time this Court affirmed that portion of the judgment below sustaining the demurrer to the counterclaim and to the defense of fraud in the procurement of judgment, and reversed it as to overruling the demurrer to the defense that the judgment was based upon a gaming contract within the provision of C. S., 2144, holding the facts were not sufficiently stated, and affirmed the judgment of the court below refusing judgment on the pleadings.
The result was to reverse the trial court upon plaintiff's appeal and affirm it on defendant's appeal.
In returning the case to the Superior Court for further proceeding, this Court suggested that the defendant should be given the "right to move for leave to amend in accordance with the provisions of C. S., 515."
The opinion of the Supreme Court was certified down to the clerk of the Superior Court of Caldwell County, received by him and filed on 8 December, 1939. On 19 December the defendant wrote to the plaintiff that the defendant would, on 8 January, the first day of the Special *Page 410 
Term of the Superior Court of Caldwell County, move for leave to file an amended answer. Plaintiff's counsel received said notice by mail on 20 December, 1939, and immediately requested that the hearing be continued until 15 January, and defendant agreed to said continuance. At this time the judge of the Superior Court hearing the matter refused to permit the defendant to amend his answer so as to set up sufficient supporting facts to the allegation that the New York judgment was obtained upon a gambling contract, and did this as a matter of law, stating that the court was without power to allow defendant to amend his answer. Defendant's appeal from this order is now before the Court.
Since the judge based his refusal to allow the amendment on a want of power under the law his judgment becomes reviewable in this Court. Balk v.Harris, 130 N.C. 381, 41 S.E. 940; Martin v. Bank, 131 N.C. 121, 123,42 S.E. 558.
If we concede that it was necessary for the defendant to comply with the terms of C. S., 515, as a condition precedent to obtaining leave of court to amend his answer, the successful application of the plaintiff for a continuance of the hearing must be held as a waiver of any defect of notice, which reached him only two days after the expiration of the ten-day period. A similar rule applies where defendant has requested and the court has given time to file answer; Garrett v. Bear, 144 N.C. 23,56 S.E. 479; Oettinger v. Livestock Co., 170 N.C. 152, 86 S.E. 957;Trustees v. Fetzer, 162 N.C. 245, 78 S.E. 152; and there is no reason why it should not apply in the present similar situation, which involves considerations of less importance. The purpose of the law is to secure to the adverse party not only notice but a reasonable time for preparation, or at least attention to the matter involved, which in this case, and in most notices of a like character, has been statutorily fixed at ten days. Here the plaintiff not only had notice but ample time was given him, at his request, for a hearing of the matter at a suitable time, according to his conveniences and the necessities of the case, at which time the plaintiff interposed no other objection to the amendment except that the notice had not been given within the ten days prescribed by C. S., 515. It is true, however, that in this Court plaintiff's counsel argues that the amendment would be ineffective because, as he contends, C. S., 2144, would not preclude plaintiff from recovery upon his judgment obtained in a foreign state.
We are of the opinion that the plaintiff in applying for and receiving time to make whatever defense and whatever preparation he desired to *Page 411 
make in resistance of defendant's motion is the equivalent of notice and has put him in court.
2. Our attention has been called by plaintiff to the fact that in the opinion of the Court, when this case was here before, it is suggested that defendant might move to amend by complying with C. S., 515. This may be regarded as an inadvertence from which no harm has resulted, but it cannot be maintained as an intentional exercise of the supervisory power of the Court without substantial invasion of defendant's rights. Always the obligation resting upon the Court is not to sustain itself but to sustain the law. This Court has no power to require the defendant to adopt an inappropriate procedure in seeking an amendment to his answer that will curtail his rights under the statutes providing rules of procedure in the Superior Court. The Court has never held, in so far as we are able to determine, that C. S., 515, has any application to demurrers to the answer, and the language employed in that section excludes that construction.
Section 515 refers exclusively to demurrers to complaints and not to any demurrer to the answer. A separate section — C. S., 525 — deals with demurrers to the answer or parts thereof and undertakes to settle the manner in which these demurrers may be heard and determined.
It is contended that the following provision in this section makes section 515 applicable to the present case: "The plaintiff may in all cases demur to an answer containing new matter, where, upon its face, it does not constitute a counterclaim or defense; and he may demur to one or more of such defenses or counterclaims, and reply to the residue. Such demurrer shall be heard and determined as provided for demurrers to the complaint."
We cannot hold that this language is sufficient to imply that the notices and limitations upon time set out in detail in section 515 are brought forward and made a part of C. S., 525, for several reasons.
Section 525 makes no reference to C. S., 515, only as such a reference might be intended or implied by connection of subject matter, and as to this no mention is made of the filing of any answer or amendment thereto — merely to the hearing and determination of the demurrer. Even if we were uninfluenced by the liberality of construction which we are required to give procedural laws, and especially the Code of Civil Procedure, which was enacted to relieve against the rigors of common law practice (Page v.McDonald, 159 N.C. 38, 74 S.E. 642; Bullard v. Johnson, 65 N.C. 436;Cheatham v. Crews, 81 N.C. 343, 345), the concluding language of this section (525) is not sufficient to justify us in assuming that it meant more than it said, since the hearing and determination of a demurrer is a thing entirely apart from the filing of an answer or amendment thereto, and, indeed, from the exigencies which may be created by passing upon the demurrer. *Page 412 
Section 515 is not the only law regulating the procedure with regard to demurrers to complaints. C. S., 509 — embodying the amendment made by chapter 66, Public Laws of 1927, section 4, and with respect to the point under consideration a later enacted statute — provides as follows: "509. Demurrer and answer. The defendant must appear and demur or answer within thirty (30) days after the service of summons upon him, or within thirty (30) days after the final determination of a motion to remove as a matter of right, or after the final determination of a motion to dismiss upon a special appearance, or after the final determination of any other motion required to be made prior to the filing of the answer, or after final judgment overruling demurrer, or after the final determination of a motion to set aside a judgment by default under C. S., section six hundred, or to set aside a judgment under C. S., section four hundred and ninety-two. . . ."
It will be seen that C. S., 515, is repugnant to this statute, at least with respect to the filing of an answer after an unsuccessful demurrer to the complaint.
There is every evidence in the statute itself, and in the history of the various amendments relating to civil procedure, which we partially note, that this provision of section 515 was intended only to bring the hearing and determination of demurrers to the answer within the rule which had been recently provided for the hearing and determination of demurrers to the complaint.
Under the Revisal (1908), section 485, we find no such provision, since demurrer and answer were at that time treated in the same way. Under the Revisal, section 473, the defendant was required to appear and answer or demur at the term to which the summons was returnable. Under the Revisal, section 484, it was required that "the plaintiff shall join issue on the demurrer or reply to the answer at the same term to which such demurrer or answer may be filed; and the issue, whether that of law or fact, shall stand for trial at the term succeeding the term at which the pleadings were completed."
Under C. S., 513, and amendments, after pleadings were again required to be filed with the clerk, it is provided that when a demurrer to the complaint is filed the plaintiff may be allowed to amend, but if he fail to do so within five days after notice the parties may agree upon a time and place for the hearing before a competent judge, and in case no agreement shall be made it becomes the duty of the clerk to send up the complaint and demurrer to the judge holding the next term of the Superior Court in the county where the action is pending. C. S., 513.
Under the old practice (C. C. P., section 111), the clerk was required to send the pleading within ten days to the judge of the court for hearing and determination. Thus it will be seen that the 1919 statute provided a method for the hearing and determination of a demurrer to the complaint *Page 413 
entirely different from that under the Revisal or under the original C. C. P. See C. C. P., section 105. As stated, these provisions apply to demurrers to the complaint only, and it was necessary to correlate the practice in case of a demurrer to the answer to these provisions. This we consider to be the function of the provision in C. S., 525, above quoted, which has been cited to us.
We do not consider any other reasoning necessary to support our conclusion. It might be observed, however, that the plaintiff invokes the jurisdiction of the court at his own will, while the defendant may be considered as being brought there in invitum. This may account for the fact that more latitude is given to the person who is on defense.
The construction we have put upon this law is in full accord with the authorities, which hold that the liberality of our present practice is inspired by a desire to promote justice rather than defeat it by an insistence on a technical construction. Brewer v. Ring and Valk,177 N.C. 476, 99 S.E. 358; Deligny v. Furniture Co., 170 N.C. 189,86 S.E. 980; R. R. v. King, 125 N.C. 454, 34 S.E. 541; Swain v. Burden,124 N.C. 16, 32 S.E. 319; also cases above cited. So anxious is the law that justice prevail that it permits the court, in some instances, to amend pleadings even after judgment. C. S., 547.
The matter of procedure is of the gravest importance in the judicial system, since it provides, in large part, the instrumentalities by which the ends of justice may be reached, and, in fact, institutes an exclusive method by which decision may be approached. The Court will not impose limitations on the liberal practice provided for this purpose in our civil procedure unless the authority is plainly declared in the law, or appears therefrom by clear inference.
It may not be necessary to advert to the argument made here by defendant's counsel to the effect that a judgment of another state may be enforced in this State notwithstanding section 2144, in which, after denouncing certain sorts of gambling contracts (which defendant seeks to prove were the bases of the foreign judgment), the statute proceeds: ". . . nor shall the courts of this State have any jurisdiction to entertain any suit or action brought upon a judgment based upon any such contract." At present, we do not see that the proposed amendment can be resisted on that ground. Since the court refused, as a matter of law, to permit any amendment, the sufficiency of the matter intended to be pleaded is not before us now.
We are of the opinion that the court below had the power to entertain defendant's motion to amend his pleading so as to properly set up the defense which he proposes, and the refusal of the court to do so as a matter of law was error.
Reversed. *Page 414